**FILED**
SEP -3 2009
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL PEARSON
10609 ELIZABETH PARNUM PLACE
UPPER MARLBORO, MARYLAND 20772
(301) 967-3020

        **Plaintiff**

        VS.

Case: 1:09-cv-01685
Assigned To : Kennedy, Henry H.
Assign. Date : 9/3/2009
Description: Labor/ERISA

DISTRICT OF COLUMBIA DEPARTMENT OF
CONSUMER AND REGULATORY AFFAIRS (DCRA)
c/o Charles Thomas, Esquire
941 NORTH CAPITOL STREET, N.E., Suite 9400
WASHINGTON, DC 20002
(202) 442-8409

        **Defendant.**

## COMPLAINT

Comes Now the Plaintiff, Michael Pearson for its complaint states as follows:

1. The Plaintiff had been an Electrical Inspector for DCRA since September 5, 2006. He had been an employee of the District of Columbia since November 21, 1988. His previous D.C. Government employment was in the electrical field. Neither the job announcement under which he was hired as an Electrical Inspector, nor the position description provided to him at the time of hire, indicated that any certification(s) in addition to his license as an Electrical Inspector was required.

2. The Plaintiff's duties as an Electrical Inspector in simplified form, included inspections of electrical installations, permits, analysis of complete

compliance cases to ensure compliance with applicable permits and DC Codes for commercial and residential properties in the District of Columbia.

3. On or about August 29, 2008, Michael Pearson (Plaintiff) received a "15-Day Advanced Written Notice of Proposed Removal." (Attachment 1) The Notice was dated August 15, 2008. At the same time he received a "Notice of Administrative Leave."(Attachment 2)

4. On or about September 3, 2008, a "15-Day Advanced Written Notice of Proposed Removal" was reissued and a copy was provided to the Employee on September 4, 2008. (Attachment 3)

5. The "15-Day Advanced Written Notice(s) of Proposed Removal," respectively, indicated that the proposed action is based on the specific cause <u>Inexcusable Neglect of Duty</u> under D.C. Code Section 1-617.1(d) (1987 ed.) as incorporated by Article 9, Section A, of the Collective Bargaining Agreement between DCRA and AFGE, Local 2725. The reason cited for the proposed removal states in part "... Your failure to obtain the International Code Council (ICC) certification by August 15, 2008 constitutes inexcusable neglect of duty. Your duty to obtain ICC certification is expressly required by your position description ....."

6. The Plaintiff's duties in simplified form, included inspections of electrical installation, permits, analysis of complete compliance cases to ensure compliance with applicable permits and DC Codes.

7. The ICC certifications did not assist the Plaintiff in the performance of his daily duties. The ICC certifications test is about codes that had not been

adopted by the District of Columbia at the time of Plaintiff's termination. Thereby the Plaintiff could not enforce ICC Codes at the time of termination.

8. The ICC Certification is not required by law, and in some cases is different from the law (Codes) enforced by DCRA.

9. The only reason given to the Plaintiff for his termination is failure to obtain the ICC certifications.

10. The Plaintiff was not informed by DCRA prior to DCRA's March 12, 2008 email message, that failure to obtain the ICC certification could or would result in his removal from DCRA. Even that email message did not indicate that removal was the plaintiff's only option.

11. The Plaintiff was required to be, and is, a licensed electrician. Matter of fact, the Plaintiff is a Master Electrician in the District of Columbia, Maryland and Virginia, and was a Master Electrician at the time of hire as an Electrical Inspector as well as at the time termination.

12. The Plaintiff met or exceeded all the official requirements of the District of Columbia needed when he was hired as an Electrical Inspector to perform his daily duties.

13. The Plaintiff was not made aware of any additional certifications prior to his hire as an Electrical Inspector.

14. The Plaintiff was hired as an Electrical Inspector on or about September 5, 2006. DCRA was aware at the time of hire, that the Plaintiff did not possess the ICC certification.

15. After the Plaintiff and other employees were informed of the certification requirement, the Union and DCRA did engage in bargaining over DCRA's new ICC certification requirement. Approximately six weeks, without further bargaining, the Plaintiff because he failed to obtain the ICC certification, received the "15-Day Advanced Written Notice of Proposed Removal."

16. The Plaintiff's performance rating for the period of April 1, 2006 through March 31, 2007 is "Excellent." The Plaintiff's Performance Rating for April 1, 2007 through March 31, 2008 is "Excellent." Further, the 2007-2008 Performance Rating signed by the Chief Building Inspector, Don Masoero, comments that the Plaintiff is "an asset" to his Division.

17. The Plaintiff was informed by DCRA that he could access the ICC computerized training program from his home; however, he was unable to do so. Additionally, the Plaintiff was informed that he would be allowed to access the ICC computerized training program at work however, his inspection case load was not reduced so that he could access the training program at work.

18. A Preliminary Hearing was held at the Office of Employee Appeals on May 14, 2009. (OEA Matter No.: 1601-0012-09).

19. An Initial Decision was reached by the Office of Employee Appeals on June 26, 2009.

20. To date, the plaintiff has not received a copy of the Final Decision reached by the Office of Employee Appeals.

21. Plaintiff respectfully requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for the following relief:

1. Award of judgment against Defendant, District Of Columbia Department of Consumer and Regulatory Affairs (DCRA) in the amount of Five Million Dollars ($5,000,000.00) plus all court costs and reasonable attorney's fees.

2. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Michael Pearson, Pro Se
10609 Elizabeth Parnum Place
Upper Marlboro, Maryland  20772
(301) 967-3020 – Home
(202) 609-4978 – Cell

*Recieved 8-29-08 mp*   *Att. 1*

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Department of Consumer and Regulatory Affairs

Office of the Director



August 15, 2008

Michael Pearson
10609 Elizabeth Parnum Place
Upper Marlboro, MD 20772-7400

**RE: 15-Day Advanced Written Notice of Proposed Removal**

Dear Mr. Pearson:

This is a 15-day advance written notice of a proposal to remove you from your position of Code Compliance Specialist at the Department of Consumer and Regulatory Affairs (DCRA). This action is proposed in accordance with Chapter 16, Section 1608 of the District Personnel Manual (DPM). This proposed action is based on the specific cause **Inexcusable Neglect of Duty** under D.C. Code Section 1-617.1(d) (1987 ed.), as incorporated by Article 9, Section A, of the Collective Bargaining Agreement between DCRA and AFGE Local 2725. The detail to support this action is stated below:

**CHARGE:**
"Inexcusable neglect of duty" under DC Code Section 1-617.1(d) (4) (1987 ed.) as incorporated by Article 9, Section A, of the Collective Bargaining Agreement between DCRA and AFGE Local 2725.

**SPECIFICATION:**
Your failure to obtain the ICC certification by August 15, 2008 constitutes inexcusable neglect of duty. Your duty to obtain ICC certification is expressly required by your position description. This requirement was communicated to all DCRA inspectors by DCRA Director Linda Argo in her March 12, 2008 memorandum, which imposed a June 30, 2008 deadline for obtaining ICC certification and stated that "Failure to obtain the ICC certification will affect either your continued employment . . . ." Additionally on July 1, 2008 this deadline was extended until August 15, 2008 by a letter from the Director which stated "If you do not demonstrate that you have met this requirement by this date, the Department will initiate administrative action to remove you from your position."

You were given training at the expense of DCRA to assist you in becoming ICC certified. You were given or offered one or more vouchers to pay the $60 fee to take

the ICC examination, which is offered frequently at locations in the District and nearby in Maryland and Virginia.

You have a right to union representation during the proposed removal period. You may grieve the action through the negotiated grievance procedures, or appeal to the Office of Employee Appeals (OEA) in accordance with OEA regulations, but not both.

You have the right to review any material upon which this proposed action is based and to prepare a written response to the notice, including affidavits and other documentation with ten (10) workdays of receipt. You are entitled to be heard prior to a final decision. You have the right to be represented by an attorney or other representative.

Your response, should you prepare one, may raise every defense, fact or supporting matter in extenuation, exculpation, or mitigation of which you have knowledge or reasonably should have knowledge, or which is relevant to the reasons in support of the proposed action, specification(s) or proposed penalty.

*Ms. Johanna Shreve*, has been appointed hearing officer to conduct the administrative review of the proposed removal action. Accordingly, any response you prepare must be presented to above named Hearing Officer, 941 N Capitol Street, NE, Washington, DC 20002. She may also be reached at (202) 442-8932.

In conducting the administrative review, the hearing officer will review this written notice, your response if there is one, and conduct an adversary hearing when directed by Director Linda K. Argo. After conducting the administrative review, the hearing officer will make a written report and recommendation to DCRA Chief of Staff Carol Washington, deciding official, who will issue a notice of final decision.

The material upon which the proposed action is based may be reviewed by contacting Mary Bucci, Assistant Director for Administration. Ms. Bucci can be reached at 202-442-8651.

Sincerely,

Don Masoero
Chief Building Inspector

cc:  Johanna Shreve
     DCHR Personnel Office
     Personnel File
     AFGE Local 2725
     Mary Bucci

*Recived 8-29-08 mp*

Att. 2

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Department of Consumer and Regulatory Affairs

Office of the Director



August 15, 2008

Michael Pearson
10609 Elizabeth Parnum Place
Upper Marlboro, MD 20772-7400

    RE: Notice of Administrative Leave

Dear Mr. Pearson:

Effective today you will be placed on administrative leave with pay. This action is taken because you have been issued a 15-day Advanced Written Notice of Proposed Removal for Inexcusable Neglect of Duty.

You are to immediately return all building keys, office keys, security badge(s), pass card(s), cell phone(s), lap top(s) and any and all government property issued to you as a District government employee. This includes all District government paper-based or computer-based documents contained on computer disks, hard drives, storage drives and on any other type of electronic media containing such documents in your possession.

During this period you are to maintain contact with this office; therefore, you are to notify Mary Bucci, Director of HR of any changes in your contact information. Ms. Bucci can be reached at (202) 442-8651.

Sincerely,

*[signature]*

Don Masoero
Chief Building Inspector

cc:    Mary Bucci, HR Director

---

*Att. 3*

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Department of Consumer and Regulatory Affairs

Office of the Director



September 3, 2008

Michael Pearson
10609 Elizabeth Parnum Place
Upper Marlboro, MD 20772-7400

Dear Mr. Pearson:

**RE: 15-Day Advanced Written Notice of Proposed Removal**

***THIS LETTER WAS ORIGINALLY ISSUED ON AUGUST 15, 2008, HOWEVER DUE TO THE FACT THAT MR. PEARSON DID NOT RECEIVE A COPY UNTIL AUGUST 29, 2008, WE ARE RE-ISSUING TODAY.***

This is a 15-day advance written notice of a proposal to remove you from your position of Code Compliance Specialist at the Department of Consumer and Regulatory Affairs (DCRA). This action is proposed in accordance with Chapter 16, Section 1608 of the District Personnel Manual (DPM). This proposed action is based on the specific cause **Inexcusable Neglect of Duty** under D.C. Code Section 1-617.1(d) (1987 ed.), as incorporated by Article 9, Section A, of the Collective Bargaining Agreement between DCRA and AFGE Local 2725. The detail to support this action is stated below:

### CHARGE:
"Inexcusable neglect of duty" under DC Code Section 1-617.1(d) (4) (1987 ed.) as incorporated by Article 9, Section A, of the Collective Bargaining Agreement between DCRA and AFGE Local 2725.

### SPECIFICATION:
Your failure to obtain the ICC certification by August 15, 2008 constitutes inexcusable neglect of duty. Your duty to obtain ICC certification is expressly required by your position description. This requirement was communicated to all DCRA inspectors by DCRA Director Linda Argo in her March 12, 2008 memorandum, which imposed a June 30, 2008 deadline for obtaining ICC certification and stated that "Failure to obtain the ICC certification will affect either your continued employment . . . ." Additionally on July 1, 2008 this deadline was extended until August 15, 2008 by a letter from the Director

which stated "If you do not demonstrate that you have met this requirement by this date, the Department will initiate administrative action to remove you from your position."

You were given training at the expense of DCRA to assist you in becoming ICC certified. You were given or offered one or more vouchers to pay the $60 fee to take the ICC examination, which is offered frequently at locations in the District and nearby in Maryland and Virginia.

You have a right to union representation during the proposed removal period. You may grieve the action through the negotiated grievance procedures, or appeal to the Office of Employee Appeals (OEA) in accordance with OEA regulations, but not both.

You have the right to review any material upon which this proposed action is based and to prepare a written response to the notice, including affidavits and other documentation with ten (10) workdays of receipt. You are entitled to be heard prior to a final decision. You have the right to be represented by an attorney or other representative.

Your response, should you prepare one, may raise every defense, fact or supporting matter in extenuation, exculpation, or mitigation of which you have knowledge or reasonably should have knowledge, or which is relevant to the reasons in support of the proposed action, specification(s) or proposed penalty.

**Ms. Johanna Shreve**, has been appointed hearing officer to conduct the administrative review of the proposed removal action. Accordingly, any response you prepare must be presented to above named Hearing Officer, 941 N Capitol Street, NE, Washington, DC 20002. She may also be reached at (202) 442-8932.

In conducting the administrative review, the hearing officer will review this written notice, your response if there is one, and conduct an adversary hearing when directed by Director Linda K. Argo. After conducting the administrative review, the hearing officer will make a written report and recommendation to DCRA Chief of Staff Carol Washington, deciding official, who will issue a notice of final decision.

The material upon which the proposed action is based may be reviewed by contacting Mary Bucci, Assistant Director for Administration. Ms. Bucci can be reached at 202-442-8651.

Sincerely,

Don Masoero
Chief Building Inspector

cc:   Johanna Shreve
      DCHR Personnel Office
      Personnel File
      AFGE Local 2725
      Mary Bucci

3

## ACKNOWLEDGEMENT OF RECEIPT

_____*Michael Pearson*_____     Date __9-4-08__
Employee's Signature

_____*M Bucci*_____     Date __9-4-08__
Witness

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the Plaintiff's Complaint and other supporting documents were mailed via certified U.S. mail, postage prepaid this 3RD day of September, 2009 to the District of Columbia Department of Consumer and Regulatory Affairs (DCRA), Charles Thomas, Esq., 941 North Capitol Street, N.E., Suite 9400, Washington, DC 20002.

**COPIES – U.S. MAIL:**
U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

U.S. Attorney for the District of Columbia
501 Third Street, N.W.
Washington, D.C. 20001

*/s/ Michael Pearson*
Michael Pearson, Pro Se
10609 Elizabeth Parnum Place
Upper Marlboro, Maryland 20772
(301) 967-3020 – Home
(202) 609-4978 – Cell